## Office of Disciplinary Counsel v. Chaffo

Disciplinary Board Docket No. 8 DB 2011

November 15, 2013—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania ("Board") herewith submits its findings and

recommendations to your Honorable Court with respect to the above-captioned Petition for Discipline.

## I. HISTORY OF PROCEEDINGS

By Petition for Discipline filed on July 18, 2012, Office of Disciplinary Counsel charged John L. Chaffo, Jr. with violations of the Rules of Disciplinary Enforcement arising out of his criminal conviction for two counts of conspiracy to commit wire fraud and nine counts of wire fraud. Respondent filed an answer to petition on August 15, 2012.

A disciplinary hearing was held on November 20, 2012 before a District IV Hearing Committee comprised of Chair Charles C. Gallo, Esquire, and Members Jill M. Ondos, Esquire, and Mary K. Austin, Esquire. Respondent did not appear at the hearing, as he is currently incarcerated and chose to waive his right to a hearing and rely on written submissions.

The Hearing Committee filed a Report on February 12, 2013 and recommended that respondent be disbarred.

Respondent filed a brief on exceptions on February 27, 2013.

Petitioner filed a brief opposing exceptions on March 18, 2013.

This matter was adjudicated by the Disciplinary Board at the meeting on May 23, 2013.

## II. FINDINGS OF FACT

The Board makes the following findings of fact:

1. Petitioner, whose principal office is located at Pennsylvania Judicial Center, Suite 2700, 601 Commonwealth Avenue, P.O. Box 62485, Harrisburg, PA 17106-2485, is invested, pursuant to Rule 207 of the

Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid Rules.

2. Respondent is John L. Chaffo, Jr. He was born in 1960 and was admitted to practice law in the Commonwealth of Pennsylvania in 1987. His attorney registration mailing address is 220 Grant Street, Floor 3, Pittsburgh PA 15219-2123. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

3. Respondent has no history of discipline in Pennsylvania.

4. By order of the Supreme Court, dated August 17, 2011, respondent was placed on temporary suspension pursuant to his conviction in the United States District Court for the Western District of Pennsylvania of two counts of conspiracy to commit wire fraud and nine counts of wire fraud, and the matter was referred to the Disciplinary Board pursuant to Rule 214(f)(1).

5. On July 6, 2010, after a jury trial, respondent was found guilty of two counts of conspiracy to commit wire fraud and nine counts of wire fraud.

6. On December 7, 2010, Judge Donetta W. Ambrose sentenced respondent to imprisonment of 57 months at each count, to be served concurrently.

7. Respondent appealed his conviction to the United States Court of Appeals for the Third Circuit and the Court of Appeals affirmed respondent's conviction and sentence by opinion dated November 17, 2011.

8. Respondent filed a timely petition for a writ of certiorari with the United States Supreme Court and, by order dated May 29, 2012, the petition for certiorari was denied.

9. Respondent filed a motion pursuant to 28 U.S.C. §2255, which was denied by order of court dated October 18, 2012.

10. Respondent has exhausted all of his appeals.

11. Over a six year period, respondent closed some 60 fraudulent real estate loan transactions for a fee of between $300 and $500 per closing. The documents related to the closings that were fraudulent included settlement statements that falsely reported that the purchasers of the real estate had made significant down payments associated with the purchases when they had not.

12. The settlement documents included elevated sales prices and purported seller-held second mortgages that did not exist.

13. Lenders lost between $1 million and $2.5 million.

14. Respondent currently resides at the federal prison facility in Morgantown, West Virginia.

15. Respondent acknowledges the conviction but does not accept responsibility for his acts. (R-Answer para. 6)

16. He asserts that he is the only attorney prosecuted in Pennsylvania by the federal government for mortgage fraud at a time when mortgage fraud was rampant, and believes that, "any real estate lawyer could have found himself in a similar situation." (R-Answer para. 6)

### III. CONCLUSIONS OF LAW

By his acts as set forth above, respondent violated the

following Rules of Disciplinary Enforcement:

1. Pa.R.D.E. 214(i) — The crimes of conspiracy to commit wire fraud and wire fraud are each punishable by imprisonment for a maximum of 20 years. Each is a serious crime.

2. Pa.R.D.E. 2103(b)(1) — Each of respondent's convictions is an independent basis for discipline.

## IV. DISCUSSION

Respondent was convicted of the crimes of conspiracy to commit wire fraud and wire fraud. The convictions are conclusive proof that respondent committed these crimes as well as incontrovertible evidence of Respondent's professional misconduct. Accordingly, the only issue for our consideration is the appropriate level of discipline to be imposed. Pa.R.D.E. 214 (f) (1). To that end we must examine the nature and gravity of respondent's misconduct as well as any attending aggravating or mitigating factors. *Office of Disciplinary Counsel v. Gwendolyn N. Harmon*, 72 Pa.D.&C. 4th 115 (2004).

Respondent's convictions arose from his participation in a scheme to defraud lenders in 60 real estate transactions over a period of six years. Respondent served as counsel in these real estate closings, which involved settlement statements that falsely reported substantial down payments by purchasers, elevated sales prices, and purported seller-held second mortgages that did not exist. The victims of respondent's conspiracy lost between 1 and 2.5 million dollars. For his part in the scheme, Respondent received between $300.00 and $500.00 for each closing. He is currently serving a 57-month sentence in the federal prison facility in Morgantown, West Virginia.

The primary purpose of our disciplinary system is to

protect the public from unfit attorneys and to maintain the integrity of the legal system. When an attorney's breaches of trust are so egregious that his continuation in the practice of law poses a real threat to his future clients and adversely impacts on the public perception of the legal profession, disbarment is an appropriate remedy. *Office of Disciplinary Counsel v. Keller*, 506 A.2d 872 (Pa. 1986).

In *Office of Disciplinary Counsel v. Reginald D. Greene*, 169 DB 2007 (Pa. July 30, 2009) our Supreme Court rejected the Disciplinary Board's recommendation of a five-year suspension and ordered the disbarment of an attorney who was convicted of only one count of conspiracy to commit mail and bank fraud, arising out of his participation in a conspiracy to defraud mortgage lenders. The attorney, acting as settlement agent for a title company, together with his co-conspirators used fraudulent appraisals, fabricated loan documents, non-existent "straw" purchasers and sellers and any other dishonest act that was necessary to obtain artificially inflated mortgages from lenders on at least eight occasions. The court emphasized that respondent's refusal to acknowledge his own guilt and attempt to seek mitigation of discipline because his financial gain was more modest than his fellow conspirators made disbarment, rather than suspension, the appropriate sanction for his professional misconduct.

Similarly, in *Office of Disciplinary Counsel v. Gerard Emmett Evans*, 10 DB 2001 (Pa. Dec. 15, 2008) disbarment was deemed the appropriate discipline for an attorney who was convicted of mail and wire fraud.

In the instant case, respondent much like the respondent in *Greene, supra*; refuses to acknowledge his guilt. Instead, he asserts his innocence and claims that the existence of widespread fraud within the mortgage lending environment somehow makes his conduct less culpable. In keeping with

his distorted view of his actions, respondent expresses no remorse. Of course, these are aggravating factors that must be taken into account in the analysis of this case.

Finally, the record reveals no evidence of mitigation.[1]

For all of the foregoing reasons we recommend that Respondent be disbarred.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, John L. Chaffo, Jr., be disbarred from the practice of law.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

## ORDER

And now, this 15th day of November, 2013, upon consideration of the Report and Recommendations of the Disciplinary Board dated July 30, 2013, it is hereby ordered that John L. Chaffo, Jr., is disbarred from the Bar of this Commonwealth and he shall comply with all the provisions of Rule 217, Pa. R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa. R.D.E.

---

1. *See Office of Disciplinary Counsel v. Chung*, 695 A.2d 405 (Pa. 1997) where the Supreme Court ordered a five-year suspension, rather than disbarment, for an attorney who was convicted of making false statements to a federally- insured institution because of powerful mitigating factors including, many years of significant community service, genuine remorse and strong character evidence. No such evidence is present here.